## KUMLER v INDUSTRIAL COMMISSION

Ohio Common Pleas, Hamilton Co

Decided Feb 4, 1938

Bates, Stewart & Skirvin, Cincinnati, for plaintiff.

John Rossetti, Asst. Attorney General, Columbus, for defendant.

## OPINION

By MACK, J.

This appeal from the Industrial Commission of Ohio was heard by the court upon the evidence contained in the record certified to this court. Facts which the court finds clearly established are as follows:

Plaintiff was employed by the Kroger Grocery & Baking Co. (a contributor to the state industrial fund) in its hog killing department; that a few weeks prior to March 14, 1931, he was using a knife to sterilize the heads of hogs; that he sustained cuts on his hands; that he developed a fever and on March 14, 1931, was treated by Dr. Fischbach, and after two weeks at home was sent to a hospital; he was in such hospital about six weeks. At first his malady was thought to be grippe, but afterwards was diagnosed as undulent fever. Such diagnosis was confirmed by bacteriological investigation.

It is clearly established that such fever was a direct result of infection following the accidental injury of cuts on his hand, and that such cuts and the infection were received while in the performance of his duties and upon the premises of his employer.

"Undulent fever" is not one of the occupational diseases mentioned in §1465-68 (a) GC, for which compensation is to be awarded. Under its powers to prescribe forms the Industrial Commission of Ohio has a form for claims arising out of accidental injury and another form for claims arising out of occupational diseases.

Kumler and his attending doctor and employer filled out a form provided for claims arising out of accidental injury and such form was received by the Industrial

Commission on April 6, 1931. This form under "date of injury" gave March 14, 1931, as such time. In answer to question as to "exact location or place of accident" gave "hog department." In answer to question "accident happened in the following manner," stated "contracted undulent fever through handling of live stock."

Dr. Fischbach stated as "the nature and extent of injury"—"undulent fever." In answer to question "any infection" he stated "yes."

Upon hearing, the claim of Kumler for compensation was denied, and upon re-hearing on the evidence taken before a referee a finding was made by the commission denying the applicant the right to receive compensation for the following reason:

"Proof of record is insufficient to show that your disability was the result of a specific injury sustained in the course of and arising out of employment."

On behalf of the Industrial Commission it is strenuously urged that this court has no jurisdiction for the reason that counsel now insists that the original claim was for an "occupational disease," which, it is admitted, is not included among those prescribed in §1465-68(a), GC, and that therefore the evidence upon the rehearing was entirely inadmissible, because it related to a claim for undulent fever as the result of the accidental injury.

With such contention the court is entirely unable to agree, because, in the language of Hamilton, J., in Lane v Industrial Commission of Ohio, 24 Oh Ap 196, at 201, (motion to certify overruled).

"The contention of the commission is highly technical and would defeat the liberal rule required in the administration of the law."

Amplifying our conclusion by specifying in particular the reasons therefor, this court refers to the following:

Under §1465-44, GC, it is the duty of the Industrial Commission to "provide for the kind and character of notices" and "the forms of application of those claiming to be entitled to benefits of compensation."

If, therefore, the commission originally regarded the claim as one for occupational disease, it should have returned the blank form for accidental injury and have sent to the claimant the proper blank. Moreover, no objection was made at the re-hearing that claimant was then for the first time presenting a claim arising out of accidental injury and not an alleged occupational disease not embraced within the provisions of §1465-68(a) GC.

In this connection see **Industrial Commission v Folson, 37 Oh Ap 282,** (motion to certify overruled).

By §1465-91 GC the commission is not bound by the usual common law or statutory rules of evidence, or by any technical or formal rules of procedure, but is required to make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of the act. Speaking on said provision of the General Code the Supreme Court in **Roma v Industrial Commission, 97 Oh St 247,** (twenty years ago) said at page 253, per Nichols, C. J.:

"It is the conception of this court that the section of the law just quoted is, in a sense, binding on the courts that may review these investigations. Whenever it may be made to appear that by a strict adherence to technical rules the substantial rights of the party are in jeopardy, it is the plain duty of the courts as well as the board to disregard such rules."

It follows from the foregoing that a finding herein will be made by the court that plaintiff is entitled to an award and to share in the workmen's compensation fund.